UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Criminal Case No. 3:05-CR-00144-KI |
| | *(Civil Case No. 3:12-CV-00283-KI)* |
| Respondent-Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **CHRISTOPHER LAVERNE WILLIAMS**, | |
| Petitioner-Defendant. | |

S. Amanda Marshall
United States Attorney
District of Oregon
Jennifer J. Martin
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2024

    Attorneys for Respondent-Plaintiff

Page 1 - OPINION AND ORDER

Christopher Laverne Williams
68709-065/7774162
Snake River Correctional Institution
777 Stanton Blvd
Ontario, OR 97914-8335

Pro Se Petitioner-Defendant

KING, Judge:

Before the court is defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [32].

## BACKGROUND

Defendant Christopher Laverne Williams pleaded guilty on September 29, 2005 to distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). I sentenced Williams to 57 months in prison on January 23, 2006.

On August 3, 2010, the Fair Sentencing Act of 2010 increased the amounts of cocaine base required to trigger mandatory minimum sentences. The United States Sentencing Commission gave retroactive effect to the Act as of November 1, 2011. On January 20, 2012, I granted Williams' motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and reduced his sentence to 37 months.

Williams filed this § 2255 motion on February 16, 2012. Williams explains he was on parole in Oregon for a murder conviction when he was charged in 2005 with the federal drug crime. He claims to be actually innocent of the drug charge but chose to plead guilty because the officers threatened to call the Parole Board if he did not "come clean." Mot. under § 2255 at 5. In spite of his guilty plea, the Parole Board revoked Williams' parole as a sanction for the federal

drug conviction. He is currently incarcerated at Snake River Correctional Institution ("SRCI") where he is serving his life sentence.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, a district court must grant a hearing to determine the validity of a petition "unless the motion and the files and the record of the case conclusively show that the prisoner is entitled to no relief." United States v. Rodrigues, 347 F.3d 818, 824 (9th Cir. 2003). The petitioner must allege specific facts which, if true, would entitle him to relief. The court may refuse to hold an evidentiary hearing if the claim is "so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. Id. at 879.

## DISCUSSION

Williams contends he can prove his actual innocence of the drug charge with newly discovered evidence in the form of an unsworn notarized affidavit from Phillip Lattier Kent Sr. Kent explains that Williams allowed him to live in Williams' apartment and drive Williams' car from October 2004 to the date of the drug crime, February 23, 2005. During that time, Williams stayed with his daughter and her mother. Kent states he began selling drugs to make money, even though Williams told him not to sell or use any type of drug because of Williams' parole

Page 3 - OPINION AND ORDER

status. On the day of the arrest, Kent saw the police drive up to the apartment. He figured the police were after him, so he ran past Williams in the hall, warned Williams that the police were coming for him (Kent), jumped from a second floor sliding door at the back of the building, and ran away. Williams was arrested.

Kent encountered Williams a few years later at SRCI when Kent was incarcerated for an unrelated conviction. He felt bad about Williams' situation and offered to sign an affidavit confessing to the drug crime.

The government claims that Williams' motion is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limited the time in which a prisoner could file a § 2255 motion. The motion must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. If the federal prisoner does not file a petition for a writ of certiorari, the one-year limitations period begins to run when the time for filing that petition expires. United States v. Garcia, 210 F.3d 1058, 1060 (9th Cir. 2000) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S. Ct. 708 (1987) ("By 'final,' we mean a case in which a judgment of

Page 4 - OPINION AND ORDER

conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.")).

Williams did not appeal his conviction, but could have done so within ten days. Thus, he had to file a § 2255 motion by February 2, 2007. Williams relies on his actual innocence to set aside the limitations period.

A credible claim of actual innocence is an equitable exception to AEDPA's limitations period. "[A] petitioner who makes such a showing may pass through the Schlup [v. Delo, 513 U.S. 298, 115 S. Ct. 851 (1995)] gateway and have his otherwise time-barred claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011).

> To pass through the Schlup gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327). . . .
>
> Schlup requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory," admissible at trial or not. House, 547 U.S. at 538. On this complete record, the court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" Id. at 538 (quoting Schlup, 513 U.S. at 329).

Id. at 938 (some internal citations omitted).

I will bypass the issue of whether Williams pursued his rights diligently and look at the evidence. The government notes several facts leading to Williams' conviction, as documented in the presentence report. Between November 16, 2004 and February 23, 2005, Williams sold cocaine base ten times to a confidential informant ("CI") who was making controlled purchases.

The surveillance officers identified Williams at each sale.  The CI identified Williams in a photograph provided by the officers.  On the day Williams was arrested, he had sold 54.6 grams of cocaine base to the CI.  When the officers arrested Williams and executed a search warrant, they found in Williams' wallet $1,500 of the police funds the CI used to make the last controlled drug purchase.  The officers found an additional $300 of the police funds on Williams' person.

Although Williams initially denied selling cocaine base, he eventually identified his voice on the recordings of phone calls in which the CI set up the drug deals.  Eventually, and with the assistance of counsel, Williams fully admitted the sales of cocaine base leading to the charges and identified his source of supply.  I gave Williams a departure at his sentencing for substantial assistance.

After reviewing Kent's affidavit in light of the information presented at Williams' guilty plea and sentencing hearings, I cannot conclude that "it is more likely than not that no reasonable juror would have convicted" Williams.  Schlup, 513 U.S. at 327.  There is overwhelming evidence of Williams' guilt.

Moreover, there is no need to hold an evidentiary hearing.  In light of all the evidence amassed against Williams leading to his guilty plea, and his admission of guilt at the plea hearing, his claim is so "patently frivolous as to warrant summary dismissal." Howard, 381 F.3d at 877.

For these reasons, I deny Williams' motion to vacate his sentence.

///

## CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [32] is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 25th day of May, 2012.

/s/ Garr M. King
Garr M. King
United States District Judge